

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2006

# Santoso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1982

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Santoso v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1982

_____

IRWAN SANTOSO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 95 146 024)
(Honorable Donald Vincent Ferlise, Immigration Judge)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 31, 2006

Before: MCKEE, VAN ANTWERPEN, and SILER[*], Circuit Judges.

(Filed: April 4, 2006 )

____

OPINION OF THE COURT

____

_____

[*] The Honorable Eugene E. Siler, Jr., Circuit Judge for the United States Court of Appeals
for the Sixth Circuit, sitting by designation.

**SILER, Circuit Judge**.

Petitioner Irwan Santoso, a citizen of Indonesia, appeals a decision of the Board of Immigration Appeals ("BIA") denying his claims for asylum and withholding of removal. Because the BIA found his asylum application to be untimely, we DISMISS that part of the petition for lack of jurisdiction. In addition, because Santoso fails to proffer evidence that would compel a different conclusion than the one reached by the BIA, we DENY the petition concerning withholding of removal.

## I

Santoso is a citizen of Indonesia, but is ethnically Chinese and a Christian in the predominantly Muslim country. He arrived in the United States with his mother on a non-immigrant visa in March 1999 in Los Angeles. He overstayed his visa and removal proceedings were initiated under 8 U.S.C. § 1227(a)(1)(B) in 2001. During the joint proceedings with his mother, Santoso conceded removal and applied for asylum under 8 U.S.C. § 1101 et seq., withholding of removal under 8 U.S.C. § 1231 et seq., and for protection under the CAT, codified at 8 C.F.R. § 208.16 et seq. The Immigration Judge ("IJ") denied Santoso's asylum application as untimely, and denied Santoso's other claims based upon an adverse credibility finding and because Santoso could not demonstrate that he more likely than not would be persecuted or tortured if he returned to Indonesia. The BIA affirmed the decision in all respects except for the adverse credibility finding.

## II

Santoso only appeals the denial of his asylum and withholding of removal claims. Because he makes neither a claim nor argument supporting an appeal of his CAT claim, we deem that issue waived. See Lie v Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). Generally, we have jurisdiction

2

to review the final decisions of the BIA under 8 U.S.C. § 1252(a). We review the BIA's decision for substantial evidence, upholding it "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Where the BIA substantially adopts the IJ's findings, but also makes findings of its own, this court has jurisdiction to review both opinions. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

Santoso appeals the dismissal of his asylum application for untimeliness. We lack jurisdiction to review the factual finding that an asylum application was not timely filed. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 184-86 (3d Cir. 2003). We therefore dismiss the asylum portion of the petition on that basis.

To prevail on a claim for withholding of removal, the applicant must establish that he more likely than not will be persecuted in the country of deportation because of his "race, religion, nationality, membership in a particular social group or political opinion." Tarrawally, 338 F.3d at 186; 8 U.S.C. § 1231(b)(3)(A). If an applicant establishes that he suffered past persecution, it shall be presumed that his life or freedom would be threatened in the future. 8 C.F.R. § 1208.16(b). However, the government may rebut that presumption by showing that a "change in circumstances" has abated the likelihood of persecution or by showing that the threat is not country-wide. 8 C.F.R. § 1208.16(b)(1).

Santoso's entire brief is devoted to arguing that he suffered past persecution. However, even if correct, this only addresses half the standard. The BIA found that the political and social climate in Indonesia rebutted the presumption of future persecution. See 8 C.F.R. § 1208.16(b)(1). In support of its conclusion, the BIA averted to country reports from the U.S. Department of State, which are typically referenced in cases such as this. See, e.g., Lie, 396 F.3d at 537 (denying petition

3

on the basis that State Department country reports on Indonesia rebutted presumption of future persecution for Christian Chinese-Indonesian applicant); Kayembe v. Ashcroft, 334 F.3d 231, 235 (3d Cir. 2003) (holding that even if petitioner suffered past persecution due to lineage, country reports "provide substantial evidence to support the BIA's finding" of changed circumstances). Thus, the Attorney General upheld his burden of proving changed circumstances. On the other hand, Santoso failed to proffer rebuttal evidence. See Abdille, 242 F.3d at 483-84. He neither challenged the country reports' veracity nor submitted evidence to counter the BIA's conclusion. Thus, we deny this part of the petition as there is no evidence that would compel us to conclude that Santoso more likely than not will be persecuted if removed to Indonesia. See id. We find the balance of Santoso's claims are without merit.

Petition DISMISSED in part, and DENIED in part.